UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS DANNY SOTO,

                Plaintiff,

-against-

STATE OF NEW YORK, ET AL.,

                Defendants.

25-CV-1543 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant violated his rights. By order dated March 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On April 13, 2025, absent direction from the Court, Plaintiff filed an amended complaint. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings this action against more than 400 defendants, including numerous American states and foreign countries; former Vice President Kamala Harris; former United States Attorney General Merrick Garland; the New York City Council; various members of Congress and United States Ambassadors; current and former Prime Ministers of the United Kingdom; the Mayor of London; "Isreal Police"; "Fuezas Militares De Colombia, Military Forces of Colombia"; various United States Departments; the Criminal and Civil Courts of the City of New York; the "Department of Defense Serum Repository"; branches of the United States military; police and fire departments of Philadelphia, Denver, Boston, and other cities across the United States; Silverstein Properties Incorporated; and the New York State Bar Association; among many others.

Plaintiff alleges that "[e]quipment used to treat mental disorders, psychological disorders, physical disorders and ailments common among drug users was illegally installed and used from

2020" without Plaintiff's consent. (ECF 5, at 5.)[1] New York Attorney General Letitia James, Government Kathy Hochul, and Solicitor General Barbara Underwood "use[d] the equipment in a sexual assault manner on Plaintiff" and "[m]ales in government positions," including former United States Attorney Damian Williams and various district attorneys "used the equipment – without consent – in a sexual matter against Plaintiff before handing it over to women in their offices." (*Id.* at 6.) State and local law enforcement officials "allowed individuals that could pay or offer something of value, including sex in return to engage the equipment with Plaintiff on it." (*Id.* at 7.)

> Plaintiff alleges,
>
> Medical patient simulators, virtual medical patient simulators, crash test dummies, virtual crash test dummies, and other anthropomorphic test devices used in medical schools and crash simulators were connected to equipment installed without Plaintiff's consent in Plaintiff's home. These devices received multiple shots to the head, groin and spine repeatedly inflicted with fists, a sledgehammer, defibrillator, firearms fired and other weapons meant to affect Plaintiff's physical and mental health and wellbeing in negative and adverse ways and eventually meant to be fatal to Plaintiff.

(*Id.* at 8-9.)

Numerous United States officials "sent hundreds of hours of video of sexual and macabre context" to Plaintiff. (*Id.* at 10.) They also forced "[p]eople incarcerated for some of the most heinous crimes such as terrorism & mass murder" to "communicate with [Plaintiff], some for days and weeks on end after the equipment was used." (*Id.*) Furthermore, attorneys for Donald Trump "put through graphic sex involving themselves with well-known celebrities and hundreds of hours of pornography including pedophile video of adults engaging in sex with children." (*Id.* at 11.)

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctation are as in the original unless otherwise noted.

>Plaintiff further alleges,
>
>State and federal officials, governors, mayors, law enforcement et al., oversaw impersonators pretend to be Plaintiff across the country and internationally. Plaintiff received video of these impersonators committing acts of crime and engaging in homosexuality. Some committing theft, rape and murder while pretending to be me, using Plaintiff's name, false identification cards, including from the New York department of motor vehicles, issued by other states and from the state department as passports. Plaintiff later received video of these same impersonators being killed.

(*Id.* at 12-13.)

Plaintiff seeks unspecified money damages.

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims that federal, state, and local government officials have subjected him to medical experiments, sent him inappropriate videos, and impersonated him in order to commit crimes, his claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court

4

did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's amended complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

                                                            *Louis L. Stanton*
                                                    _____
                                                            Louis L. Stanton
                                                                U.S.D.J.